UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEUNDRA LASHAYE DAVIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:06CV88 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [# 1], filed on June 29, 2006. The government has responded to the motion. In support of his § 2255 motion, movant alleges that his constitutional rights were violated because his offense levels were enhanced (grounds one and two), and that the search of his home was a violation of his constitutional rights.

**Facts and Background**

Movant was indicted on October 21, 2004 in a two count indictment. Count I charged movant with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count II charged Movant with knowingly possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Movant filed a motion to suppress evidence, alleging that the search of his home violated his constitutional rights. A hearing was held before Judge Lewis M. Blanton. Judge Blanton entered his Report and Recommendation on February 25, 2005, in which he recommended that the Motion to Suppress be denied. Movant objected to the Recommendation. On March 31, 2005, the Court overruled the objections and adopted Judge Blanton's Report and Recommendation.

On April 12, 2005, movant appeared with his attorney in open court and entered a plea of guilty to the charges. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court.

Under the Plea Agreement, movant agreed to plead guilty to the charges of being a felon in possession of a firearm as charged in the indictment and possession of marijuana with the intent to distribute. The parties recommended that the base offense level for Count 1 should be 14. Two additional levels were added because the offense involved three firearms. Two more levels were added because one of the firearms was stolen. Four more levels were added because movant agreed that the firearms were possessed in connection with another felony offense: possession of marijuana with intent to distribute. The parties did not agree on a final offense level.

With respect to Count II, the parties agreed that the base offense level was 10. Movant agreed that the quantity of marijuana for which he was accountable was more than one kilogram and less than 2.5 kilograms. The base offense level for Count II was agreed to be increased by two levels because of the firearm possession. The parties did not agree on a final offense total because of a possible Grouping Analysis addition. It was also agreed that movant should receive a three level reduction for acceptance of responsibility.

At the Plea Hearing, movant acknowledged that he had read the Plea Agreement and that his signature appeared thereon.

Under the terms of the Plea Agreement and at the hearing on movant's change of plea, Davis agreed that by entering a plea of guilty, he expressly waived his right to trial. He agreed that he understood the right to trial and the consequences of his waiver of those rights.

At the plea hearing, Davis stated under oath that he was fully satisfied with the representation received from his attorney, that his attorney had gone over the Plea Agreement, Guidelines Recommendations and Stipulations with him and that there was nothing in the plea agreement that he disagreed with.

Davis waived his right to file an appeal. He did, however admit to being guilty of the crimes charged. Defendant waived all rights to contest the conviction

or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Movant was sentenced on July 12, 2005. At the sentencing hearing, the Court inquired as to whether movant and his attorney had had an opportunity to review the Presentence Investigation Report and whether they had any objections to it. Movant was present when his attorney announced that Movant did not object to the factual accuracy of the Presentence Investigation Report, but that he had filed an objection claiming that movant's criminal history, which was determined to be in Category V, was overstated. The Court heard arguments as to the criminal history class and overruled movant's objection.

After giving movant an opportunity to speak on his own behalf , the Court sentenced Davis to a term of 60 months on Count I and II, to be served consecutively. A term of four years supervised release was imposed and a special assessment of $200 was assessed.

The Court then advised Davis of his appeal rights. Davis stated that he understood these rights. No appeal was filed by Davis or on his behalf.

Davis waived his right to file an appeal and waived his right to file a petition under Section 2255 of Title 28 of the United States Code, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of

sentencing.

On June 29, 2006, Movant filed this action seeking to vacate his sentence

**<u>Standards for Relief Under 28 U.S.C. 2255</u>**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798

F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## Discussion

Initially, movant's claims are barred by the Plea Agreement. As part of the Plea Agreement, movant agreed to waive his appeal rights and his rights to raise issues on collateral attack, *i.e.* through a motion pursuant to 28 U.S.C. § 2255.

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment

privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956 F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers

of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829. The Plea Agreement establishes that movant clearly understood that he was giving up his right to appeal his sentence and post conviction remedies.

Movant argues that his enhanced offense levels violated his rights, however, movant agreed to these levels in the negotiated plea. As the affidavit of movant's counsel establishes, the government was contemplating filing another count against Davis in which it would have been alleged that he used a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c), which would have provided for a consecutive 5 year prison sentence if movant was found guilty of that charge. Through the negotiations, movant was not charged with a Section 924(c) violation, but was required to agree to the increased levels in exchange. Furthermore, because movant did not appeal, he is barred from raising this issue. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United*

of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829. The Plea Agreement establishes that movant clearly understood that he was giving up his right to appeal his sentence and post conviction remedies.

Movant argues that his enhanced offense levels violated his rights, however, movant agreed to these levels in the negotiated plea. As the affidavit of movant's counsel establishes, the government was contemplating filing another count against Davis in which it would have been alleged that he used a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c), which would have provided for a consecutive 5 year prison sentence if movant was found guilty of that charge. Through the negotiations, movant was not charged with a Section 924(c) violation, but was required to agree to the increased levels in exchange. Furthermore, because movant did not appeal, he is barred from raising this issue. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United*

*States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotations and citations omitted). *Becht v. U.S.* 403 F.3d 541, 545 (8th Cir. 2005).

Movant also contends that the search of his home was unconstitutional. This issue was addressed and resolved in the Court's Order adopting Judge Blanton's Report and Recommendation regarding movant's motion to suppress. Movant did not raise this issue on appeal and therefore, it would be barred even in the absence of movant's waiver of his rights pursuant to Section 2255.

**Conclusion**

Based upon the foregoing analysis, movant has failed to establish that the grounds upon which he relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 4th day of October, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE